```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

ERIC J. GREENE          :
                        :                    PRISONER
     v.                 :     Case No. 3:12-cv-1665(RNC)
                        :
COMMISSIONER OF CORRECTION :

              RULING ON MOTION TO DISMISS [Doc. #10]

    Petitioner brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss.  For reasons that follow, the motion is granted.

    On October 5, 2005, petitioner pleaded guilty to possession of narcotics with intent to sell and a violation of probation in exchange for a prison sentence of five years.  *See* Doc. #10-10, Transcript, at 5-7.  When he failed to appear for sentencing on December 9, 2005, the court ordered his arrest.  *See id.* 15-16.  On December 30, 2005, he was arrested for additional crimes.  On March 31, 2006, he pleaded guilty to possession of narcotics with intent to sell by a non-drug-dependent person, assault on a police officer and injuring a police animal.  *See id.* at 35-41.  On July 14, 2006, he was sentenced on all the charges listed above to a total effective sentence of fourteen years' imprisonment.  *See id.* at 61.

    In October 2006, petitioner filed a state habeas petition.  In his amended petition, he asserted claims that attorneys who represented him in connection with plea negotiations and sentencing were ineffective.  *See* Resp't's Mem. App. B at 5-8.  The state court held a hearing and denied the petition.  *See*

*Greene v. Warden*, No. TSRCV064001361S, 2009 WL 3284846 (Conn. Super. Ct. Sept. 8, 2009) (included as Resp't's Mem. App. A at 1-7) *and* Doc. #10-11, Resp't's Mem. App. G, hearing transcript. Certification to appeal was denied. Petitioner appealed the denial. The appeal was dismissed and the Connecticut Supreme Court denied certification. *See Greene v. Commissioner*, 131 Conn. App. 820, 29 A.3d 171 (2011), *cert. denied*, 303 Conn. 936, 36 A.3d 695 (2012) (included as Resp't's Mem. App. A at 8-13).

Nine months later, petitioner commenced this action. He claims that the state habeas court abused its discretion in denying certification to appeal. He also claims that his counsel provided ineffective assistance in failing to tell him to accept a plea offer with a definite term of imprisonment and permitting him to enter an open plea. Respondent has moved to dismiss the action in its entirety.

Respondent argues that the claim based on the state habeas court's denial of certification to appeal is not cognizable in this action. I agree. Federal courts may consider applications for habeas relief by state prisoners only on the ground that the prisoner's confinement violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3), 2254(a). Neither the Constitution nor federal law requires that states provide postconviction remedies. *See Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001). Therefore, alleged errors in a

state postconviction proceeding generally do not provide a basis for § 2254 review. Word v. Lord, 648 F.3d 129, 131-32 (2d Cir. 2011).

With regard to the ineffective assistance of counsel claim, respondent argues that review of the claim is barred because of petitioner's procedural default and failure to exhaust state remedies. I agree. The Connecticut Appellate Court declined to consider this claim because it was not distinctly alleged in the amended habeas petition. See Greene v. Commissioner, 131 Conn. App. at 821-22. An adequate and independent finding of procedural default bars federal habeas review of a claim unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law. See Harris v. Reed, 489 U.S. 255, 260 (1989). Petitioner has not made this showing. Moreover, because petitioner has not properly presented his claim to the state courts, he has not exhausted state court remedies, as one must before seeking federal habeas relief. See 28 U.S.C. § 2254(c).

Accordingly, the motion to dismiss is hereby granted. A certificate of appealability will not issue. The Clerk will enter judgment dismissing the action.

So ordered this 29th day of July 2013.

　　　　　　　　　　　　　　　　　　　　　　 -s-
　　　　　　　　　　　　　　　　　　　Robert N. Chatigny
　　　　　　　　　　　　　　　　　United States District Judge